PONDER, Judge.
On September 21, 1982, we issued an alternative writ ordering that the trial court grant a motion for summary judgment dismissing plaintiffs suit for defamation or show cause on or before October 5, 1982, why the writ should not be made peremptory. The trial court was ordered to notify this court and the Clerk of Court for St. Tammany Parish in writing of its election on or before that date. The Clerk of Court was ordered to transmit the record to us five days thereafter if the court elected the alternative.
To date we have not received that notification. Instead, on November 8, 1982, the Clerk of Court of St. Tammany Parish filed an incomplete record with us. We have not been favored with briefs by the court or by respondent. We assume, however, that the court has elected to require us to rule on the merits. The Clerk of Court on our request has supplemented the record.
We make the writ peremptory.
Plaintiff sued for damages alleging that Herbert Koppenol, Ophelia Koppenol, Nolan Motichek and Lillian Motichek caused complaints of incompetence and willful failure to perform his duties as a police officer of the Town of Madisonville. Defendants filed a motion for summary judgment supported by an affidavit that defendant, Herbert Koppenol, but not the others, had filed a complaint with the Mayor and Town Council, that a private hearing was held by the Mayor and Council and that Koppenol and the other defendants sincerely believe that they had sufficient reason and probable cause to complain.
The plaintiff did not file any counter affidavits. Without any reasons incorporated into the record, the court denied the motion for summary judgment.
It is difficult to imagine any case in which the elements of falsity and malice would be more patently absent. Plaintiff’s petition did allege that defendants’ testimony was false and malicious. The bases for this legal conclusion were not alleged either in the petition or otherwise.
Accordingly, the writ is made peremptory and it is now ordered that the Honorable John W. Greene vacate and recall his ruling of July 19, 1982, denying relators’ motion for summary judgment and grant relators’ motion for summary judgment of dismissal of plaintiff’s suit against relators.
WRIT MADE PEREMPTORY.